UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN CABOT, | Civil Action No. 18-8894 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

IT APPEARING THAT:

1. On or about June 30, 2016, *pro se* Petitioner Justin Cabot filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 16-3294 at ECF No. 1). In that motion, Petitioner raised two claims: first, a claim based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), and second, a claim in which he challenged the execution of his sentence by the Bureau of Prisons (BOP) in which he argued that the BOP had improperly credited his sentence based on the way it treated his state and federal sentences as consecutive to one another. (*Id.*).

2. Petitioner, however, had previously raised his sentencing calculation claim through a habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, in the Middle District of Pennsylvania. *See Cabot v. Maiorana*, No. 15-0900, 2015 WL 4160075 (M.D. Pa. July 9, 2015). The Middle District ultimately rejected that claim on the merits, finding that Petitioner's assertion that he was denied the benefit of a concurrent state sentence was without merit as Petitioner's federal sentence was "to run *consecutive* to his state sentence," and that Petitioner's sentencing credits had thus been correctly calculated. *Id.* at *5.

3. On June 1, 2017, this Court entered an order and memorandum opinion which denied Petitioner's *Johnson* claim as it had been foreclosed by the Supreme Court's ruling in *Beckles v.*

1

*United States*, --- U.S. ---, 137 S. Ct. 886 (2017), and denied Petitioner a certificate of appealability as to that claim. (Docket No. 16-3924 at ECF Nos. 3-4). In that opinion, this Court also dismissed for lack of jurisdiction Petitioner's sentencing calculation claim as it sought to challenge "the execution, rather than the validity" of Petitioner's sentence, and thus could only properly be brought as a § 2241 petition in the district of Petitioner's confinement – at that time the Middle District of Pennsylvania. (*Id.*).

4. Almost a year later, Petitioner filed a letter with the Court that Petitioner requested be treated as a § 2241 habeas petition. (Docket No. 18-4423 at ECF No. 1). In that letter, Petitioner once again requested that this Court review his claim that his sentence has been miscalculated because his state sentence has been run consecutively to his federal prison sentence. (*Id.*). Petitioner also asked that the Court reconsider his sentence, either based on his sentencing calculation argument or based on a decline in his health. (*Id.* at 6).

5. On April 9, 2018, this Court entered an order and memorandum opinion screening Petitioner's letter petition and dismissing it for lack of jurisdiction. (Docket No. 18-4423 at ECF Nos. 2-3).

6. On May 4, 2018, however, Petitioner, not content with this Court's previous decisions on his claims, filed his current successive motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). In his new § 2255 motion, Petitioner once again presents his claim that his sentencing enhancement under the career offender guideline is now improper, as Petitioner once again asserts that the guideline is unconstitutionally vague. This Court has already rejected that claim on the merits in Petitioner's previous § 2255 motion as it has been foreclosed by *Beckles*, notwithstanding Petitioner's newfound reliance on the Supreme Court's recent decision in *Sessions v. Dimaya*, --- U.S. ---. 138 S. Ct. 1204 (2018), which does not address the Career Offender Guideline under

which Petitioner was sentenced and is completely inapplicable to Petitioner's meritless *Beckles* claim. (*See* Docket No. 16-3924 at ECF Nos. 3-4).

7. Because Petitioner has filed a new § 2255 motion, this Court is required by Rule 4 of the Rules Governing Section 2255 Proceedings to review Petitioner's motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

8. Pursuant to 28 U.S.C. §§ 2244(b) and 2255(h), a petitioner may not file a second or successive motion to vacate sentence in this Court without first acquiring authorization from the appropriate Court of Appeals. Absent authorization from the Court of Appeals, this Court has no jurisdiction over a second or successive motion to vacate sentence. *Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) (a "petitioner's failure to seek authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). When "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals." *Robinson*, 313 F.3d at 139.

9. As Petitioner has previously filed a § 2255 motion which was denied on the merits in the form of his *Johnson/Beckles* claim, his current filing is a second or successive § 2255 motion brought without leave of the Court of Appeals. This Court thus has no jurisdiction over that motion. Because this Court finds that it would not be in the interests of justice to transfer the motion because Petitioner's *Beckles* claim has already been decided on the merits and because

3

Petitioner has failed to present a valid basis on which the Third Circuit could grant him authorization to pursue his current claim as Petitioner presents neither new evidence nor a new rule of constitutional law in support of his meritless *Beckles* claim, *see* 28 U.S.C. § 2255(h), Petitioner's successive motion to vacate shall be dismissed for lack of jurisdiction. *Robinson*, 313 F.3d at 139.

    9. In conclusion, Petitioner's newly filed successive motion to vacate sentence (ECF No. 1) is DISMISSED for lack of jurisdiction. An appropriate order follows.

Dated: May 10, 2018

                                            *s/ Susan D. Wigenton*
                                            Hon. Susan D. Wigenton,
                                            United States District Judge